Argued and submitted June 25, affirmed December 19, 2007

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JOHNNY ALEXANDER MONTGOMERY,
*Defendant-Appellant.*

Multnomah County Circuit Court
030934509; A125290

174 P3d 1040

David O. Ferry, Deputy Public Defender, argued the cause for appellant. With him on the brief were Peter A. Ozanne, Executive Director, and Peter Gartlan, Chief Defender, Office of Public Defense Services.

Laura S. Anderson, Senior Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Edmonds, Presiding Judge, and Wollheim and Sercombe, Judges.

SERCOMBE, J.

**SERCOMBE, J.**

Defendant appeals a judgment of conviction of two counts of sexual abuse in the first degree under ORS 163.427 following a trial to the court. Defendant raises six assignments of error. We address the first assignment of error, that the trial court erred in failing to suppress evidence of defendant's inculpatory statements made to the police, and reject the other assignments of error without discussion. We affirm because any error in denying defendant's motion to suppress was harmless.

Defendant was convicted of sexually abusing a five-year-old girl. He had been regularly employed to babysit the victim and her siblings. The victim reported the abuse to her mother, who reported the accusation to the Portland Police Bureau. The assigned officer, Detective Gossen, met with defendant at his former foster mother's home. Defendant agreed to move the interview to the police station because that setting was more private.

Defendant was advised of his *Miranda* rights at the station. After questioning defendant about his background, Gossen described the interview as "confidential." He testified:

"[PROSECUTOR]: Did you ask him how he had first heard about the allegations against him?

"[GOSSEN]: Well, he had told me he had a conversation with [the son of the victim's mother], but he also relayed that [his foster mother] had received a letter from the Department of Human Services basically telling him that his services were no longer required at the [victim's mother's] home. The content or context of that letter, I don't know.

"[PROSECUTOR]: What was the next topic of conversation between the two of you?

"[GOSSEN]: Well, I told [defendant] that I—He had shared with me, [his foster mother] had received the letter, and I told him I had no plans on talking with [his foster mother], because our—*our investigation and our interview was confidential*. I asked him if he knew what [confidential]

meant, and he told me that confidential was an adjective, and no one else was going to find out."

(Emphasis added.) Over the course of the interview, defendant made inculpatory admissions about the abuse allegations. Defendant was later charged with three counts of sexual abuse in the first degree.

The trial court denied defendant's motion to suppress the evidence of the admissions made in defendant's police interview. Following a trial that included testimony of the victim and her mother, the court made oral findings and convicted defendant of two of the sexual abuse charges.

Article I, section 12, of the Oregon Constitution and the Fifth and Fourteenth Amendments to the United States Constitution separately preclude the use of a defendant's involuntary statements to the state in a criminal trial of that defendant.[1] Defendant contends that his admissions were involuntary and that the failure to suppress evidence of those admissions violates his rights against self-incrimination under those provisions. Defendant categorizes his admissions as involuntary as a matter of law because they were induced by a promise of confidentiality, and involuntary as a matter of fact because the circumstances of defendant's interrogation were sufficiently compelling. Defendant also asserts that Gossen's representation of confidentiality vitiated the *Miranda* warning that defendant's statements could be used against him in court and therefore precluded that use.

The state asserts that Gossen's representation of confidentiality was understood to be a narrow promise to keep the content of the interview secret from defendant's foster mother. Because that representation was not a broader

---

[1] Article I, section 12, of the Oregon Constitution provides, in part, that "[n]o person shall be * * * compelled in any criminal prosecution to testify against himself."

The Fifth Amendment to the United States Constitution provides, in part, that "[n]o person * * * shall be compelled in any criminal case to be a witness against himself."

The Fourteenth Amendment of the United States Constitution provides, in part, "nor shall any State deprive any person of life, liberty, or property, without due process of law."

promise of confidentiality, the state maintains that the making of that representation did not induce defendant's confession and, in light of the *Miranda* warnings that defendant was given and understood, the incriminating evidence was not compelled.

■ Defendant would not be aided even if his constitutional claims were correct. Any error in admitting his incriminating admissions was harmless. Under the Oregon Constitution, an error is harmless if there is little likelihood that the error affected the verdict. *State v. Davis*, 336 Or 19, 32, 77 P3d 1111 (2003). Under the United States Constitution, a constitutional error is harmless if the court concludes beyond a reasonable doubt that the error did not contribute to the factfinder's decision. *Chapman v. California*, 386 US 18, 24, 87 S Ct 824, 17 L Ed 2d 705 (1967).

After making oral findings on the credibility of the victim and her mother and the weight of their testimony, the court rendered its verdict:

"Based upon what I have observed from [the testimony of the victim and the victim's mother], I would be convinced beyond a reasonable doubt of [defendant's] guilt. However, his statements are solid corroboration of the evidence * * *."

Thus, the trial court explicitly found that it would have convicted defendant of the charges against him, whether or not his statements had been introduced into evidence, because the testimony of the victim and the victim's mother had convinced the court of defendant's guilt beyond a reasonable doubt. Given that express finding, we conclude that any potential constitutional error in admitting defendant's statements was harmless because it did not affect the trial court's—that is, the factfinder's—decision. Therefore, resolution of defendant's constitutional claims is not necessary to our decision.

Affirmed.